IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BLAIR WATSON, et al. ) | CASE NO. 1:10 CV 1975 |
| ) | |
| Plaintiffs, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | **MOTION OF DEFENDANTS TO** |
| CITY OF EASTLAKE, et al. ) | **DISMISS THE COMPLAINT WITH** |
| ) | **PREJUDICE FOR PLAINTIFF'S** |
| Defendants. ) | **FAILURE TO COMPLY WITH THE** |
| ) | **COURT ORDER** |

Now come defendants the City of Eastlake, Ohio ("Eastlake"), the Eastlake Police Department ("EPD"), Patrolman Vince Cronin ("Cronin") and Patrolman Chris Gutka ("Gutka"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 41 move the Court for an order: (1) dismissing the *Complaint* with prejudice due to plaintiffs' failure to timely file an *Amended Complaint*; and (2) requiring plaintiff to pay the expenses, including attorneys' fees, incurred by defendants in making this motion.

The reasons for this motion are more fully particularized in the Brief in Support attached hereto and made a part hereof.

187431 v2

Respectfully submitted,

/s/ Michael E. Cicero
VINCENT A. FEUDO (0019733)
MICHAEL E. CICERO (0058610)
NICOLA, GUDBRANSON & COOPER, LLC
Landmark Office Towers
1400 Republic Building
25 W. Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 621-7227
Fax:    (216) 621-3999
Email: feudo@nicola.com
          cicero@nicola.com

Attorneys for Defendants

## **BRIEF IN SUPPORT**

### I. **STATEMENT OF FACTS**

On September 3, 2010, the defendants filed a ***Notice of Removal*** of this action, which was originally filed in the Lake County, Ohio, Court of Common Pleas, due to a claim asserted pursuant to 42 U.S.C. § 1983. Further, on September 8, 2010, defendants filed a ***Motion for More Definite Statement***, as much of the ***Complaint*** was undecipherable.

On September 10, 2010, the Court issued an Order, replete with a written opinion, granting defendants' ***Motion***, and requiring plaintiffs to file an ***Amended Complaint*** on or before September 20, 2010 at 4:00 p.m. As of the date of this filing, plaintiffs have failed to comply. For the reasons set forth below, the Court should dismiss the Complaint with prejudice.

### II. **LAW AND ARGUMENT**

**PLAINTIFFS' FAILURE TO TIMELY FILE AN AMENDED COMPLAINT AS ORDERED BY THE COURT IS JUSTIFICATION FOR THE DISMISSAL OF THEIR CLAIMS WITH PREJUDICE.**

Plaintiffs cannot be allowed to disregard this Court's order. The proper sanction for the utter disregard plaintiffs have shown for the Court's Order, as a party to a lawsuit they filed, is dismissal of the ***Complaint***.

Fed. Civ. R, 41(B) states in part that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. This authority is necessarily incident to the judicial power granted under Article III of the Constitution, including the power of the court

3

to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules. *Santamaria v. Todd Ins. Agency*, 231 F.R.D. 246 (E.D.Tex.2005). *See also*, *Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985) (Court's power under Rule 41(b) to dismiss for failure to prosecute or obey court order or federal rule is inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.)

More specifically, a district court does not abuse its discretion by dismissing a plaintiff's Section 1983 complaint for failure to comply with a court order because he failed to file an amended complaint. *See, Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61, 1263 (9th Cir.1992) (explaining that district courts have inherent power to control their dockets, and while dismissal is a harsh penalty that should only be imposed in extreme circumstances, it may be appropriate for failure to comply with an order to file an amended complaint) and *Paulton v. Nash*, 308 Fed.Appx. 221, 2009 WL 119793, (9th Cir, 2009)(plaintiffs failed to file an amended complaint within the required time, and the trial court correctly dismissed the case for failure to comply with a court order.)

Plaintiffs' conduct exhibits a complete disregard for the Federal Rules of Civil Procedure, the authority of this Court, and the 4 defendants that they have indiscriminately sued. Further, the Eastlake Police Department, cannot be sued, as it is not *sui juris* but merely a sub-units of the local government it serves. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. 2005). There is no excuse for plaintiffs' misconduct. They had ample time to research and file an appropriately crafted *Complaint*. Their conduct smacks of bad faith and is obviously willful.

The prejudice inflicted upon the defendants by plaintiffs cannot be cured with a band-aid. Defendants cannot craft a defensible, legal argument to the *Complaint* plaintiffs' proffered. The

resultant prejudice to Defendants has been real and severe. Defendants urge the Court, in the strongest terms possible and in the interest of basic justice and fairness, to dismiss the *Complaint* with prejudice.

For this reason, the Court has the inherent authority to sanction plaintiffs for their willful violation of the Federal Rules of Civil Procedure, and for violating the Court's prior order.

Accordingly, the Court should dismiss the *Complaint* with prejudice.

### III. CONCLUSION

Plaintiffs' actions cast an ominous cloud over their claims. The Court is confronted with parties who apparently feel free to ignore the applicable law, procedural rules, and court orders with impunity.

For all the foregoing reasons, defendants urge the Court to dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ Michael E. Cicero
VINCENT A. FEUDO (0019733)
MICHAEL E. CICERO (0058610)
NICOLA, GUDBRANSON & COOPER, LLC
Landmark Office Towers
1400 Republic Building
25 W. Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 621-7227
Fax:   (216) 621-3999
Email: feudo@nicola.com
          cicero@nicola.com

Attorneys for Defendants
City of Eastlake, Ptl. Vince Cronin, Ptl. Chris Gutka and Eastlake Police Department

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2010, a copy of the foregoing *Motion to Dismiss*. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael E. Cicero
VINCENT A. FEUDO (0019733)
MICHAEL E. CICERO (0058610)