**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BLAIR WATSON, et al., )  | Case No. 1:10 CV 1975 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| CITY OF EASTLAKE, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is the Motion of Defendants to Dismiss the Complaint with Prejudice for Plaintiff's Failure to Comply with the Court Order (the "Motion"). (**Doc #: 4**.) The Court order that is the subject of this Motion is the September 10, 2010 Memorandum of Opinion and Order granting Defendants' motion for more definite statement. (See Doc ##: 2, 3.) Therein, the Court stated, in pertinent part:

> The complaint, filed by Blair Watson and her parents (James and Kristine), alleges that, on August 8, 2008, Blair Watson was taken into the custody and control of the City of Eastlake by police officers in the course and scope of their employment; Defendants "used excessive force" upon her by "forcing her arm and body in a manner to abuse her and break bones, causing injuries and personal damages." (Doc #: 1-1 ¶ 10.) Furthermore, Defendants treated her differently "because of her race." (Id. ¶ 13). After reviewing the complaint, the Court had no idea of what occurred that led to Ms. Watson's custody, who broke her bones and how it occurred, or even which bones were broken.
>
> Based on these ill-defined allegations, the Watsons brought the following claims. Count I makes various allegations against various defendants and runs the gamut from a negligence claim to an excessive force claim, although it fails to cite any statute. Count II purports to bring a 42 U.S.C. § 1983 excessive force claim, although it also cites the Eighth Amendment. Count III alleges that the

police officers' use of excessive force and caused Blair's mental distress.  Count IV alleges that "All Defendants'" negligence and recklessness caused Blair's mental distress.  Count V does not bring a claim at all.  Rather, it asserts that, due to defendants' negligence or recklessness, the parents incurred medical expenses.  Count VI alleges a claim on behalf of the parents for loss of Blair's familial services.

It is not until reviewing Defendants' pending Motion that the Court first learned that Blair was arrested for underage consumption of alcohol, curfew violation and resisting arrest – all of which apparently landed her in Eastlake's custody on August 8, 2008 – and that she admitted committing the underage-consumption and resisting-arrest charges in juvenile court.  Still, the Court has no idea what happened on August 8, 2008 that constituted excessive force and resulted in Blair's broken bones.

Federal Rule of Civil Procedure 12(e) provides, in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

Motions for a more definite statement are generally disfavored due to their dilatory effect.  *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, at * (S.D. Ohio Sep. 26, 2008) (citation omitted).  A Rule 12(e) motion should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.  *Id*.  If the complaint meets the notice pleading standard of Rule 8, the motion should be denied.  *Id*.

The Court finds that the complaint, filed on behalf of Plaintiff by two attorneys, is so vague with regard to important factual allegations, and so ambiguous with regard to claims, that defendants are prejudiced in their attempt to answer it.  Thus, the Court directs Plaintiffs to file an amended complaint with specific factual allegations giving rise to discrete claims.  Plaintiffs may not allege more than one claim per Count, and the allegations in each Count must give rise to the claim.[FN1]

> FN1:  The Court notes that, although Defendants purported to understand the claim asserted in Count V, the Court finds that the Count does not state a claim at all.

> The Court also notes that the "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements," are inadequate to state a claim for relief. *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*. Defendants have pointed out substantive problems with certain of the claims which Plaintiffs should take into consideration when drafting their amended complaint.

(Doc #: 3, at 1-3). With that, the Court granted Defendants' motion for more definite statement and ordered Plaintiffs to file, no later than 4:00 p.m. on September 20, 2010, an amended complaint consistent with that order. (Id., at 4.)

It is now September 29, 2010, and Plaintiffs have filed neither an amended complaint nor a motion for extension of time to file one. Consequently, Defendants now ask the Court to dismiss the case with prejudice under Fed. R. Civ. P. 41(b).

Rule 41(b) provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules <u>or a court order</u>, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Id. (emphasis added). "Rule 41(b) provides that an action may be involuntarily dismissed for failure to prosecute." *Hall v. White*, 817 F.2d 756, at *1 (6th Cir. 1987) (table). "The Court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). "A dismissal with prejudice under Rule

-3-

41(b) is warranted only when a 'clear record of delay or contumaciuos conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice.'" *Id*. (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir. 1983), quoting in turn *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980)).

Here, the Court ordered Plaintiffs, who are represented in this case by two attorneys, to file an amended complaint "with specific factual allegations giving rise to discrete claims" so that Defendants might reasonably be able to compose and file a responsive pleading or a motion. The Court waited an extra nine days after the Court's deadline to see if Plaintiffs would file something in response to the Court's order before dismissing the complaint on its own. Nothing responsive to the Court's September 10 order has been filed.

The Court finds that Plaintiffs' conduct exhibits a disregard for the Federal Rules of Civil Procedure and the authority of this Court, and a disrespect for the Defendants that they have sued. Accordingly, the Court **GRANTS** the Motion of Defendants to Dismiss the Complaint with Prejudice for Plaintiff's Failure to Comply with the Court Order (**Doc #: 4**), and dismisses this case with prejudice.

**IT IS SO ORDERED.**

***/s/ Dan A. Polster September 29, 2010***
**Dan Aaron Polster**
**United States District Judge**